```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY DANIELS,
                        Petitioner,
                                                                    REPORT AND
            -against-                                               RECOMMENDATION
                                                                    CV 08-1424 (JS)
ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,
                        Respondent.
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court, on referral from District Judge Seybert (DE[13]), is a motion by the pro se plaintiff pursuant to Federal Rule 15 and 28 U.S.C. §2242 to file an Amended Petition in this habeas proceeding (DE[13]). The respondent has opposed the motion. DE[14]. For the reasons set forth herein, the undersigned recommends that the motion be denied.

Further, the petitioner is now incarcerated at Great Meadow Correctional Facility and the correct respondent is David A. Rock, the Superintendent of that facility. The Clerk of the Court is directed to terminate Robert Ercole as Respondent, and to add David A. Rock, Superintendent of Great Meadow Correctional Facility, as the new Respondent. *See* 28 U.S.C. §2243.

## BACKGROUND

The pro se plaintiff initiated this action on 3/31/08 by filing a Petition for Writ of Habeas Corpus. A Return to the Petition was filed by the Suffolk County District Attorney's Office on 6/10/08. DE[9]. The current motion to file an amended petition was filed on 3/30/09 and was referred on 4/28/09. In the motion, the plaintiff seeks permission to add a new ground for review or to file "a supplemental declaration and memorandum of law in support of the existing issues." DE[12] at 2.

## DISCUSSION

The gist of the motion is Daniels' claim that he filed a CPL §440.10 motion to vacate his judgment of conviction with the County Court, Suffolk County, and he now seeks to add a ground that he claims has been "already raised and exhausted" in the §440.10 motion. DE[12-2] at 2. The State says he never filed such a motion and thus has not exhausted his state court remedies as to the new ground, which he must do pursuant to federal habeas law. Thus, they argue, the amendment is futile and should not be allowed. It is not clear from Daniels' motion papers what new claims, if any, he wishes to now add to his petition. He says generally that the "violation of petitioner's Sixth and Fourteenth was raised and already filed to the lower state court under separate occasion for exhaustion," but he does not explain whether he has already made claims under those Constitutional Amendments or if he wishes to add new claims. DE[12-2], ¶4. The court's best guess is that in his motion to amend he is actually replying to the respondent's argument that the state court remedies as to a number of his claims were not exhausted and those claims can be dismissed for that reason. *See* DE[9]. Overall, his argument is directed entirely to his contention that he filed a 440.10 motion with the state court and has thus exhausted the remedies for all of the claims made in that motion, even though, for reasons he does not understand, the state has never decided the motion and denies ever receiving it. Thus, I interpret his motion first as a "supplemental declaration and memorandum of law in support of the existing issues," that is, an argument that he did file a 440.10 motion in state court and thus has exhausted all state remedies. DE[12] at 2. Then I will consider it as a motion to amend.

Attached to Daniels' Petition for Habeas Corpus filed on 3/31/08 is a copy of a 440.10

motion to the state court, and his Petition states that he filed such a motion twice but never received a ruling on it. DE[1]. There is confusion in Daniels' papers as to the dates of the purported filings. Daniels states in several places in his habeas petition that his 440.10 motion was submitted on 9/7/07. *See* DE[1], Pet. at ¶¶ 11(e), GROUND ONE 12(d)(2), 12(d)(7), GROUND TWO 12(b), 13, 18. But he also states that he filed a 440.10 motion on 7/25/07 and 8/22/07 (Pet. ¶11(b) & DE[12], Ex. E), and on 8/23/07 (Pet. ¶18). The copy of the 440.10 motion annexed to his habeas petition includes an affidavit of service saying it was served on 7/9/07. DE[1-2]. Daniels says that he resubmitted the 440.10 motion on 8/1/08 (DE12, Ex. A], 2/20/09 (DE12, Ex. B) and 2/20/07 (DE12, Ex. D). He includes a copy of a letter to the "Criminal Court Clerk" dated 2/18/08, asking what the status of his 440.10 motion was and noting that he had received a decision on his 440.20 motion in September 2007, but had heard nothing about his 440.10 motion. DE[12-3], Ex. E. A Memorandum from the Office of the Chief Clerk, Suffolk County Court, dated August 14, 2008, told Daniels that his correspondence (presumably the 2/18/08 letter) had been received and that "The Motion that you submitted was already decided by Order dated 9/10/07." Ex. F3 . The Memorandum did not refer specifically to either a 440.10 motion or a 440.20 motion, but Judge Hinrichs' order of 9/10/07 addressed only a 440.20 motion[1].

On 8/8/08, the same day he sent his "resubmitted" 440.10 motion to the state court, Daniels sent a letter to the State Commission on Judicial Conduct complaining that his 440.10 motion had never been decided, in violation of his constitutional rights. That complaint was

---

[1]Because I could not locate a copy of Judge Hinrichs' 440.10 motion in the Record, I requested that a copy of it be faxed to my chambers. The District Attorney sent a copy on 6/05/09.

3

dismissed by the Commission on 11/21/08 for reasons that are not set forth in the dismissal letter. *See* DE[12-3], Exs. I & I-1. A grievance filed by Daniels alleging that prison officials tampered with his legal mail was denied by Green Haven Correctional Facility on 12/3/08.

The respondent assert that neither the state court nor the District Attorney's Office has any record of having received a 440.10 motion from Daniels and that it must be assumed that it was either never filed or it was misfiled, and that in either event it is unexhausted.

Given the profusion of confusing documentation, the court cannot determine what happened to the 440.10 motion in the state court system. The only conclusion that can be reached is that, despite Mr. Daniels' efforts to file a motion, there is no record of any 440.10 motion in the state court and for purposes of his habeas appeal, he never exhausted his state remedies as to the grounds raised in the intended 440.10 motion.

Given this finding, considering Daniels' current motion as one to amend pursuant to Rule 15, it must be denied as futile. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." A motion to amend may be denied, however, on various grounds, including the futility of the proposed amendment. *Coronna v. County of Suffolk,* 2008 WL 2371421, *2 (E.D.N.Y. June 9, 2008) (Hurley, D.J.). Before a federal court may consider a state prisoner's petition for a writ of habeas corpus, the petitioner must have exhausted all available state judicial remedies. 28 U.S.C. §2254. Here, although Mr. Daniels may believe that he filed a 440.10 motion with the state court, the only conclusion to be drawn from the record before the court is that no such motion was ever received by the state court or the District Attorney's office, and that state remedies as to any claims that he raised in that motion have not been exhausted. Pursuant to the relevant habeas corpus law, the court can dismiss any unexhausted claims in his

habeas proceeding and the amendment would thus be futile.

As to the claims that Daniels has already made, I note that habeas law allows a federal court to either dismiss unexhausted claims or to deny them on their merits, at the discretion of the trial judge, and the Respondent has requested that the court consider them. *See* 28 U.S.C. §2254(b)(2); *Jones v. Keane,* 329 F.3d 290, n.6 (2d Cir. 2003); DE[9-1] at 4. Thus, there is still a possibility that the unexhausted claims set forth in the Petition may be considered at Judge Seybert's discretion. As to any new unexhausted claims that the petitioner may be seeking to make, I recommend that the motion be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to the petitioner by mail at his address of record and to respondent by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 9, 2009

                                                                     s/ William D. Wall
                                                                       WILLIAM D. WALL
                                                                       United States Magistrate Judge