```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY T. DANIELS,

                    Petitioner,

    - against -                          ORDER
                                         08-CV-1424 (JS)(WDW)
DAVID A. ROCK,[1]

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Anthony T. Daniels, Pro Se
                    04-A-5920
                    Great Meadow Correctional Facility
                    P.O. Box 51
                    Comstock, NY 12821

For Respondent:     Marion M. Tang, Esq.
                    Suffolk County District Attorneys Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901-3388
```

SEYBERT, District Judge:

On March 31, 2008, Anthony T. Daniels ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 30, 2009, Petitioner filed a motion seeking permission to file an Amended Petition. This Court referred Petitioner's motion to amend to Magistrate Judge William D. Wall to report and recommend as to whether the motion should be granted. Pending before the Court is Judge Wall's Report and Recommendation ("R&R") recommending that the Court deny Petitioner's motion to amend. Petitioner filed an objection to the

---

[1] The Clerk of the Court is directed to update the caption of this case. As Judge Wall correctly noted, David A. Rock is the Superintendent of the Green Haven Correctional Facility.

R&R on June 25, 2009. The Court has conducted a de novo review of the record, and for the reasons set forth below, ADOPTS Judge Wall's R&R and DENIES Petitioner's motion to amend.

BACKGROUND

Following a jury trial, Petitioner was found guilty of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. On October 25, 2004, Petitioner was sentenced to consecutive terms of twenty-five years to life imprisonment on the murder count, and fifteen years to life on the count of criminal possession of a weapon.

On March 31, 2008, Petitioner filed a petition for a writ of habeas corpus arguing that (1) he was deprived of a fair trial because certain testimony was not elicited during a Mapp/Dunaway hearing, (2) he received ineffective assistance of counsel, (3) the trial court violated the confrontation clause, and (4) the trial court improperly imposed consecutive sentences.

On March 30, 2009, Petitioner filed a motion to amend his Petition. Petitioner did not attach his proposed amended petition, nor does he clearly set forth exactly what claims he wishes to add to his Petition. Rather, Petitioner merely states, "Petitioner now seeks an order granting permission to amend his petition by extending the petition to include a ground already raised and exhausted in [P]etitioner's attached 440.10 motion. The violation of Petitioner's Sixth and Fourteenth [sic] was raised and already

filed to the lower state court under the separate occasion for exhaustion." Pet.'s Dec. ¶ 4. Although unclear, Petitioner's attached 440.10 papers appear to allege a Brady violation and that the trial court erred by failing to give a missing witness charge. The Court presumes that Petitioner seeks to amend his Petition to add these two claims.

## DISCUSSION

### I. Motion to Amend

A motion to amend a habeas petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a). Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002). Under Rule 15 (a), a party may amend its pleading once as a matter of course before being served with a responsive pleading. After being served, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "district courts have discretion to deny leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive, or where amendment would be futile." Ramdeo v. Phillips, No. 04-CV-1157, 2006 U.S. Dist. LEXIS 7422, at *8-9 (E.D.N.Y. Feb. 7, 2006) (internal quotation marks and citations omitted).

### II. Exhaustion

One of the most well-known barriers to federal habeas corpus relief is the failure to exhaust claims. The exhaustion doctrine is codified at 28 U.S.C. § 2254 - most specifically

3

subsections (b) and (c).  "In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim."  <u>Daye v. Attorney General of the State of N.Y.</u>, 696 F.2d 186, 191 (2d Cir. 1982).  The doctrine is based upon principles of comity and serves to ensure that the federal courts do not interfere with state court authority.  <u>Manning v. Artuz</u>, No. 94-CV-3325, 1996 U.S. Dist. LEXIS 22224, at *3 (E.D.N.Y. June 3, 1996) (<u>citing</u> <u>Twitty v. Smith</u>, 614 F.2d 325 (2d Cir. 1979)); <u>see</u> <u>also</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

To exhaust state remedies, a petitioner must: "(i) present[] the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) inform[] that court of both the factual and legal bases for the federal claim."  <u>DiGuglielmo v. Senkowski</u>, 42 Fed. Appx. 492, 494, 2002 U.S. App. LEXIS 10656 at *6 (2d Cir. 2002) (holding that because petitioner failed to identify any violated federal constitutional provisions in a Leave Application submitted to the state court, the court declined to reach the merits of his claims) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 276-77, (1971); <u>Daye v. Attorney Gen. of the State of N.Y.</u>, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc).  The burden of proving exhaustion lies with the habeas petitioner.  <u>See</u> <u>Colon v. Johnson</u>, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998).

4

Specifically, in proving that the claims have been "fairly presented," the petitioner must show that the federal constitutional claims are the same, both legally and factually, as those brought at each level of state court proceedings. See id. at 115 (internal citations omitted). The claim that the petitioner presents to the highest state court must be the "claim that is now the gravamen of his federal habeas corpus petition." Klein, 667 F.2d at 282 (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)).

"[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273, 125 S. Ct. 1528, 1532-33, 161 L. Ed. 2d 440, 449 (2005) (citing Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). However, the "mere fact that claims are unexhausted does not make them futile, so long as a petitioner can obtain a stay of the habeas proceedings while he exhausts those claims." Ramdeo v. Phillips, No. 04-CV-1157, 2006 U.S. Dist. LEXIS 7422, at *12 (E.D.N.Y. Feb. 7, 2006) (internal quotation marks and citations omitted).

III. Petitioner's Motion to Amend is Denied

The Court agrees with Magistrate Judge Wall that Petitioner's motion to amend should be denied as futile. It is clear to the Court that Petitioner did not actually file his 440.10

5

motion with the state court. Although Petitioner indicates that he did, and submits a copy of a 440.10 motion allegedly filed with the state court, the record reveals that the state court did not receive any 440.10 motion, and in fact only received Petitioner's 440.20 motion. Additionally, the District Attorney's office has no record of receiving such a motion. Thus, Petitioner has not exhausted his claims.

Petitioner has not requested a stay while he exhausts his claims. Moreover, even if Petitioner requested a stay, Petitioner has not shown that his unexhausted claims have merit, nor has he demonstrated good cause for his failure to exhaust. See Williams v. Ercole, No. 09-CV-0363, 2009 U.S. Dist. LEXIS 58495, at *10 (E.D.N.Y. July 7, 2009).

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's motion to amend.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  29 , 2009
         Central Islip, New York